I conceive that the plaintiff cannot proceed in this manner. That equity will subject the lands to the ancestor's debts is perfectly clear. It is one of its oldest jurisdictions to grant discovery and take accounts of the real estate. It does it as ancillary to courts of law, for the satisfaction of mere legal demands. Much more will it do so when the debt, due by its own decree, is entitled to satisfaction out of the lands, as is the case with all debts in this State. But when a person resorts to a court of equity for relief, he must adopt the mode of proceeding known to that court. The regular course of this Court is to proceed upon English bill, and the answer, or plea of the defendant, upon oath. The sci. fa. is a process unknown to it, as a court of equity, unless in a few cases provided for by statute. It is a strictly common-law writ. Our act of Assembly gives it in the case of the death of a party in equity, instead of the bill of revivor. But it can be used only to revive. If any new matter is to be put in issue, or becomes material to the just decision of the cause, it must be introduced by bill, in the nature of a bill of revivor and supplemental bill.
It would be impossible for this Court to administer its justice in this method. Why should the attempt be made? It is said, because it is more simple and expeditious. I think quite the contrary. The pleadings in equity are much less technical than at common law, and leave a cause more open for a decision upon its merits. The expedition will only exist in cases not disputed. But we have a right to (508) expect cases of real litigation, in which the heirs will deny the full administration, or insolvency of the executor; others, as here, where there is a primary and a secondary liability. How are these questions to be tried? If under this process, by a jury. We know that one of the most expensive, difficult, and dangerous proceedings at law is the trial of the issue of plene administravit. Often the parties have to come into this Court for assistance by way of discovery, before trial at law or relief from the injustice done by the verdict on that issue. The witnesses must *Page 306 
all be present at once before the jury. Every voucher must be then proved by a disinterested witness; and the parties cannot be called on for admissions. These reasons have raised the jurisdiction here; because accounts can be taken more correctly, at less expense, and more speedily. Should we proceed upon sci fa. until the jury had found a verdict, and then entertain a bill to correct our own injustice, as we do that of a court of law? At law, judgments are always direct and immediate, although as between some of the parties liable, there may be, in equity, an immediate and more remote liability. In pursuing this legal method, should we not be obliged to adopt the legal measure of justice? Now, it is plainly inequitable that the heirs of James should pay the plaintiff, unless they be able to get satisfaction from the heirs of Henry; because the latter received the assets of the former. Yet at law there is no such thing as successive liability. A judgment is always direct. If we are to retain our own rule of decision, why not our own methods of arriving at it, since it has the sanction of ages, is thoroughly settled, and well understood? I will mention several other inconveniences of a change. It is the rule of this Court that each party pays his own witnesses, without regard to the event of the cause. This would be ruinous in practice, upon a collateral issue between the heir and executor. It is another rule of this court that no suitor shall be concluded by one hearing; (509) but that by petition or bill of review every material point of the decree may be reconsidered and solemnly decided twice. The introduction of the jury trial abrogates this part of the course of the Court, as applied to this class of controversies; and as the case is not on paper, many of the most intricate questions, both of law and fact, must go off as at nisi prius, where the case is given to the jury viva voce; or be reexamined at the expense of a new trial, as at law. The extreme difficulty of doing justice, in a trial at law of such cases, pressed itself on the attention of the Legislature so strongly as to produce the passage of an act authorizing courts of law to refer, as to a master, matters or account of this kind. I allude to suits on the bonds of guardians and administrators. Surely, then, this Court, when it may safely act in its ancient and accustomed mode, ought not to yield up its distinguishing characteristic, which constitutes its real value to the country, and adopt that of the common law, the inadequacy of which to the ends of justice created this jurisdiction and continues its existence.
I have supposed that the facts put in issue upon this legal writ are to be tried by a jury. If this be not so, but the defenses are to be made and the facts ascertained, according to the course of this Court, by plea and answer on oath, and reference to the master, then plainly there is no saving of time or expense, or any change but that of substituting a sci.fa. for a bill as the means of instituting the suit against the heir. *Page 307 
Why do that? What advantageth it? I object to a change that is to do no good, unless required by law. I object to it, also, because it is an indirect method of giving this Court original jurisdiction, not contemplated by the Legislature. I admit we must do it if the Legislature so enacts. It is to be hoped it never will. I think it never has. The act of 1784 (Rev., ch. 226) is expressly confined to "suits at law," and the defenses are all legal, and to be tried according to the course of the common law. The act of 1807 (Rev., ch. 716) is plainly (510)in pari materia, and confined also to suits at law. And the express declaration in the last section is that the provisions in that act shall not affect the remedy which any creditor has in equity against the real estate of a deceased debtor, or in any manner change rules of decision in equity in any such case. The second section of the act of 1787 (Rev., ch. 278) has been urged as giving this remedy. After reciting that the mode of carrying into effect decrees in chancery was by process in personam, it enacts that upon decrees for sums of money the party may issue execution against the defendant's body or estate, and that the estate shall be bound in the same manner as it is by judgment and executions at law. I take this to mean simply that there shall be execution in equity, and to declare its lien — what shall be bound and sold under it. But it does not profess to prescribe a method by which the decree may originally be had, nor by which, after obtaining it against one person, you may execute it against another. But if there were a doubt upon this, it is removed by the cautions proviso of the subsequent act of 1807.
I am confident that the justice of this Court can only be administered by adhering to the mode of proceeding which is peculiar to it; and I must oppose as strenuously innovations upon it as upon that of the common law. Each is best in its appropriate sphere. I think this writ must be quashed, and the plaintiff put to his bill.